IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROBERT D. LOCKWOOD                  §
(TDCJ No. 808461),                  §
                                    §
            Petitioner,             §
                                    §
V.                                  §        No. 3:17-cv-1755-B-BN
                                    §
LORIE DAVIS, Director               §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
                                    §
            Respondent.             §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Robert D. Lockwood, a Texas inmate, initiated this *pro se* action through a document that the Clerk of Court properly construed as an application for habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 3. This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. For the reasons explained below, the Court should dismiss this action under Rule 4 of the Rules Governing Section 2254 Cases without prejudice to Lockwood's right to fully exhaust his state court remedies, or, alternatively, the Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

**Applicable Background**

Lockwood's construed habeas application references an escape conviction in Hale

County. *See* Dkt. No. 3. Records available from the Texas Department of Criminal Justice and the Texas Court of Criminal Appeals (the "CCA") reflect that, with regard to this conviction, Lockwood was convicted on December 15, 1999 and received 4 years of imprisonment. Records further reflect that, if a direct appeal was filed, Lockwood failed to petition the CCA for discretionary review and that, if a state habeas application was filed concerning this conviction and sentence, it was never presented to the CCA.

Because Lockwood's construed petition as filed failed to provide the Court the information necessary to screen his claims, and because he also failed to pay the $5.00 filing fee or move for leave to proceed *in forma pauperis* ("IFP"), the Court entered a notice of deficiency on July 7, 2017 requiring Lockwood to address these deficiencies no later than August 7, 2017. *See* Dkt. No. 6 (warning Lockwood that "[f]ailure to comply with this order will result in a recommendation that the petition be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b)"). Now, almost five months past that deadline, Lockwood has yet to comply with the Court's order.

## Legal Standards and Analysis

Rule 4 Dismissal for Failure to Exhaust

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989); *see also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine

demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (in turn quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)))). In Texas, a prisoner must present his claims to the CCA in a petition for discretionary review ("PDR") or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes); *see Rodriguez v. Dretke*, No. 5:04-cv-28-C, 2004 WL 1119704, at *1 (N.D. Tex. May 17, 2004) (applying Rule 4 prior to the filing of an answer where this "Court [was] of the opinion that [the petitioner] has failed to exhaust his state court remedies" (citing *Kiser*)); *see also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("[T]here is no doubt that a federal court may raise *sua sponte*

a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)); *cf. Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988) ("This requirement, that a petitioner who seeks federal redress must first seek relief in state courts and thus exhaust his state remedies, is not a jurisdictional prerequisite, but a prudential policy based on concerns for federalism." (citations omitted)).

Because there is no record that Lockwood has afforded the state courts – particularly, the CCA, as the applicable highest state court – the first opportunity to address the substance of the collateral claims he now intends to raise in this Court, he has failed to exhaust state-court remedies in a procedurally-correct manner, and his construed Section 2254 petition should be dismissed without prejudice under Rule 4. *See, e.g., Sam v. Louisiana*, 409 F. App'x 758, 763 (5th Cir. 2011) (per curiam) ("A federal district court may not adjudicate a habeas petition unless all claims in the petition are exhausted." (citing *Rhines v. Weber*, 544 U.S. 269, 274 (2005))).

Rule 41(b) Dismissal for Failure to Prosecute and Obey Orders

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). Under the same rule, a district court also "may *sua sponte* dismiss an action for failure to prosecute." *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (citations omitted)). That authority "flows from the court's inherent power to control

-4-

its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

Like all rules in the Federal Rules of Civil Procedure, Rule 41(b) generally applies to habeas proceedings. *See* Rule 12, RULES GOVERNING SECTION 2254 IN THE UNITED STATES DISTRICT COURTS; *see, e.g., Brown v. United States*, Nos. A-11-CA-155 LY, (A-04-CR-268 LY), 2011 WL 1899790 (W.D. Tex. May 19, 2011) (dismissing motion the court recharacterized as one under Section 2255 after issuance of *Castro* warnings

without prejudice under Rule 41(b), after noting that "[i]t is ... well established that '[a] district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order'" (quoting *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998))).

By not filing the court-ordered amended habeas petition on the proper form (and by not either paying the filing fee or moving for leave to proceed IFP), Lockwood has prevented this action from proceeding. He therefore has failed to prosecute his lawsuit and obey the Court's order. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances, particularly because Lockwood's failure to present his claims on the proper form prevents any attempt to determine whether Section 2254 relief is appropriate. The undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Lockwood decides comply with the Court's order. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

### Recommendation and Direction to the Clerk of Court

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss the construed 28 U.S.C. § 2254 habeas application without prejudice to Lockwood's right to fully and properly exhaust state court remedies and serve a copy of any order accepting this recommendation on the Texas Attorney General. Alternatively, the Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

The Clerk of Court is DIRECTED to serve electronically a copy of this

recommendation and the construed habeas petition on the Texas Attorney General, directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office, Austin, Texas. *See* RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, RULE 4.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 29, 2017

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE